STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WESLEY MITCHELL, DEFENDANT-PROSECUTOR.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CHARLES STEWART, DEFENDANT-PROSECUTOR.

Submitted October 7, 1947—Decided January 20, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the plaintiff-respondent, *Edward Cohn* (*H. Russell Morss, Jr.*, of counsel).

For the defendants-prosecutors, *Rothbard, Harris & Oxfeld* (*Samuel L. Rothbard, Emil Oxfeld* and *Abraham L. Friedman*, of counsel).

The opinion of the court was delivered by

WACHENFELD, J.   On December 11th, 1946, Wesley Mitchell was indicted by the Union County grand jury for interfering with a police officer and on June 20th, 1946, Charles Stewart was likewise indicted for the same offense.

Mitchell's application for a writ of *certiorari* is grounded upon a claim that there was "deliberate and unconstitutional exclusion from the grand jury panel and the grand jury chosen therefrom, of all daily and hourly paid wage earners and others of the poorer classes" and "all persons likely to be members of labor unions or believers in labor unionism" and "all persons of the colored race." The application of Stewart is based upon similar grounds.   Both allege that the jury commissioners acted in violation of their oath and intentionally secured a panel that was incapable of being impartial or fair.   One of the applications was made to a single justice and denied.   The court there said:

"Since the decisions of the Supreme Court of the United States in *Norris* v. *Alabama*, 294 *U. S.* 587; 79 *L. Ed.* 1074, and *Thiel* v. *Southern Pacific Co.*, 328 *U. S.* 217; 90 *L. Ed.* 1180, holding that the exclusion of all persons of the African race and the exclusion of all persons who work for daily wages from the list of jurors, either grand or petit, may be ground for reversal, it is obvious that the questions raised on these applications are important, and so far as the exclusion of wage earners is concerned, of novel impression in this state."

In *State* v. *McCarthy*, 76 *N. J. L.* 295; *State* v. *Borg*, 8 *N. J. Mis. R.* 349; *In re Ellenstein*, 119 *N. J. L.* 597; *In re Donovan*, 129 *Id.* 25, similar applications were made on matters *dehors* the indictment and allowed.

A charge of bias and prejudice in the selection of a grand jury as here alleged raises an issue of importance in the administration of justice and should be answered quickly and as completely as judicial procedure will permit, and in the highest forum presently available.

We make no determination of the facts as charged but believe they are sufficient to warrant the presentation of competent proof so that the issues may be disposed of.

The writs are granted.